```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Carlos Alberto Prieto

   v.                                    Civil No. 14-cv-514-JL

Esker L. Tatum, Jr.

## REPORT AND RECOMMENDATION

Federal prisoner Carlos Alberto Prieto has filed a petition for a writ of habeas corpus (doc. no. 1), and an addendum to that petition (doc. no. 5), pursuant to 28 U.S.C. § 2241. Respondent has moved to dismiss for lack of subject matter jurisdiction (doc. no. 11). Prieto objects (doc. no. 15).

## Background

Prieto challenges his conviction, obtained in the Southern District of Florida, for aiding and abetting the use and carrying of a firearm during and in relation to a violent crime, namely, a June 4, 1996, attempted robbery of a UPS truck, pursuant to 18 U.S.C. §§ 2 and 924(c)(1). Prieto filed this action pursuant to 28 U.S.C. § 2241, seeking to invoke this court's jurisdiction, as at the time Prieto filed this action, he was incarcerated in the federal prison in Berlin, New

Hampshire.

In seeking to invoke this court's jurisdiction, Prieto has relied on Rosemond v. United States, 134 S. Ct. 1240 (2014). Rosemond held that in order to convict in circumstances such as Prieto's, the jury must find that the defendant had advance knowledge that a firearm would be used or carried in the commission of the underlying crime of violence. See id. at 1251. Prieto argues that his conviction for aiding and abetting the use of a firearm was improper because he had no advance knowledge that a firearm would be used, and the jury was not instructed that proof of advanced knowledge was required for a conviction. Prieto further argues that because Rosemond was issued after the decisions in Prieto's direct appeal of his conviction,[1] and after his initial motion challenging his conviction under 28 U.S.C. § 2255 was denied by the Southern District of Florida,[2] § 2255 proceedings have been inadequate and ineffective to correct the error in his case. Respondent has

---

[1] See United States v. Prieto, 232 F.3d 816 (11th Cir. 2000).

[2] See Prieto v. United States, No. 1:02-cv-21867-DMM (S.D. Fla. Apr. 24, 2003) (approving April 10, 2003, report and recommendation).

moved to dismiss the petition for lack of subject matter jurisdiction. See Doc. no. 11.[3]

## Discussion

### I. Savings Clause Jurisdiction

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's

---

[3]In his objection (doc. no. 15), Prieto contends that a motion to dismiss for lack of subject matter jurisdiction is not properly filed in a § 2241 proceeding. Prieto is mistaken. There is nothing improper in respondent's filing of a motion, pursuant to Fed. R. Civ. P. 12(b)(1), in response to this court's March 6, 2015, Order (doc. no. 9), where Fed. R. Civ. P. 12(b)(1) may be applied to habeas proceedings, pursuant to Rule 12 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules"), and where the court has discretion to allow respondent to file a motion in lieu of an answer, pursuant to § 2254 Rule 4. Cf. § 2254 Rule 1(b) (authorizing application of § 2254 Rules to other habeas proceedings).

detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante . . . [P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).  If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention.  See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.

The First Circuit has not articulated all of the circumstances under which a petitioner may access the savings clause. The First Circuit has recognized, however, that the savings clause is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct. See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to be filed after Bailey v. United States, 516 U.S. 137 (1995), narrowed the definition of "use" of firearm in 18 U.S.C. § 924(c)(1))). The First Circuit has also noted that "[m]ost courts have required a credible allegation of actual innocence," before a petitioner can access the savings clause. Trenkler, 536 F.3d at 99. See generally United States v. Almenas, 52 F. Supp. 3d 341, 345 (D. Mass. 2014) ("the savings clause is most often used in situations where a retroactive Supreme Court decision as to the meaning of a criminal statute would mean that [the petitioner] was not guilty of the crime of which he was convicted," and that most courts have required "a credible allegation of actual innocence that the petitioner could not have effectively raised

at an earlier time," before allowing petitioners to take advantage of savings clause).

## II. Analysis

    A.   Prior Opportunity for Judicial Rectification

Prieto cannot rely on Rosemond to invoke this court's savings clause jurisdiction, as precedent in the Eleventh Circuit, at the time of Prieto's initial § 2255 proceedings neither conflicted with Rosemond, with respect to the requirement of proof of prior knowledge, nor foreclosed the claim asserted by Prieto in his § 2241 petition. In United States v. Hamblin, 911 F.2d 551, 557 (11th Cir. 1990), the Eleventh Circuit reversed a conviction for aiding and abetting the use and carrying of a firearm in connection with a violent crime, upon finding the evidence in that case to be insufficient that defendant had prior knowledge that the co-conspirator was carrying a gun with respect to the first of two robberies. Prieto has not proffered, and nor can this court find, Eleventh Circuit precedent since Hamblin that would have foreclosed the argument Prieto seeks to make here, regarding the evidence and jury instructions in his case. Therefore, Prieto cannot rely on the Rosemond decision to invoke this court's savings clause

6

jurisdiction, insofar as precedent in the Eleventh Circuit did not preclude Prieto from making the same arguments in his initial § 2255 motion that he has asserted here.[4]

B. Actual Innocence

Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted).

The Southern District of Florida, in denying Prieto's first § 2255 motion, noted that evidence of Prieto's prior knowledge was before the jury. In holding that there was sufficient evidence to support Prieto's conviction for aiding and abetting

---

[4]Respondent, for purposes of the motion to dismiss, see Mem. (doc. no. 11-1), at 4 n.2, has taken the position that Rosemond applies retroactively to cases on collateral review, although almost every court to address the question has determined that Rosemond is not retroactively applicable. See generally Oscar v. Martin, No. 3:15-CV-90-CWR-FKB, 2015 WL 5297267, at *3 & n.2, 2015 U.S. Dist. LEXIS 120657, at *6-*7 & n.2 (S.D. Miss. Sept. 10, 2015) (collecting cases). In this Report and Recommendation, this court has assumed, without deciding, that Rosemond is not retroactively applicable to cases on collateral review.

the use and carrying of a firearm during the June 4, 1996, robbery attempt, the district court in Florida noted that Prieto's co-conspirator "testified at trial that Prieto was at the meeting where it was agreed that they would be armed at the time of the robberies." Prieto v. United States, No. 1:02-cv-21867-DMM (S.D. Fla. Apr. 10, 2003), slip op. at 19, report and recommendation approved, No. 1:02-cv-21867-DMM (S.D. Fla. Apr. 24, 2003).  Prieto has not specifically challenged the validity of that court's finding regarding the co-conspirator's testimony, and Prieto has not offered any new evidence, unavailable to the jury, showing that he lacked advanced knowledge that the co-conspirators were armed.  Accordingly, Prieto has not made a credible allegation of actual innocence here, and for that reason he cannot access the savings clause.

## Conclusion

For the foregoing reasons, the district judge should grant respondent's motion to dismiss Prieto's § 2241 petition for lack of subject matter jurisdiction (doc. no. 11).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).

Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

October 5, 2015

cc: Carlos Alberto Prieto, pro se
     Seth R. Aframe, Esq.